IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MOHAMMAD NAZIR SAHEED, *pro se*,

    Plaintiff,

    v.

HUNTINGTON INGALLS
INDUSTRIES, INC.,

    Defendant.

Case No. 4:23-cv-123

**OPINION & ORDER**

This matter is before the Court on defendant Huntington Ingalls Industries, Inc.'s ("HII") bill of costs. ECF No. 77. For the reasons set forth below, HII's bill of costs is **GRANTED IN PART**, and the Court **ORDERS** that HII's costs of $2,353.10 shall be taxed against the plaintiff.

**I.   BACKGROUND**

The Court granted HII's motion for summary judgment in an Opinion and Order entered on January 27, 2026, and entered judgment in favor of HII. ECF No. 72. On February 10, 2026, HII submitted a bill of costs, in which it seeks to recover $2,487.65 from the plaintiff for deposition and hearing transcripts obtained for use in the case. ECF Nos. 77 (bill of costs), 78 (declaration in support). HII's counsel declared, under penalty of perjury, that the costs identified are correct and were "necessarily and actually incurred in this case." ECF No. 78 ¶ 3. HII also attached an

itemization of requested costs to its bill of costs, along with copies of the relevant invoices. *Id.* at 3–11.

The plaintiff, Mohammed Nazir Saheed, opposes HII's bill of costs and moves the Court to "deny taxation of costs in its entirety." ECF No. 81 at 1. Saheed argues that the Court should deny costs because he is financially indigent, he pursued his claims in good faith, and the costs were unnecessary and excessive. *Id.* at 2–3.

## II.     LEGAL STANDARD

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) ("[T]he rule creates the presumption that costs are to be awarded to the prevailing party."). "To overcome the presumption, a district court must justify its decision to deny costs by articulating some good reason for doing so." *Cherry*, 186 F.3d at 446 (cleaned up and citation omitted).

However, the discretion conferred by Fed. R. Civ. P. 54(d)(1) to justify denying costs has been defined more specifically by courts to include "misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay." *Cherry*, 186 F.3d at 446 (quotation marks and citations omitted). The Fourth Circuit has also recognized that "the losing party's good faith in pursuing an action . . . standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.*

2

## III. ANALYSIS

HII seeks to recover $2,102.30 for deposition transcript costs for the depositions of Saheed, and $385.35 for two court hearing transcripts ordered on an expedited basis. ECF No. 78 at 1–2. 28 U.S.C. § 1920(2) specifically authorizes the taxation of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Courts within the Fourth Circuit regularly award the costs of deposition transcripts "when the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (citation omitted).

Here, the Court finds that the deposition and hearing transcripts were necessarily obtained for use in this litigation. Looking first to the deposition transcripts, it is apparent that they were necessary, as the deposition testimony comprises a substantial amount of evidence that HII cited in support of its motion for summary judgment. *See generally* ECF No. 52. Further, the second deposition was only necessary because Saheed did not attend the originally scheduled deposition. *See* ECF No. 36 (HII moving to compel Saheed to testify at deposition based on his refusal to do so); *see also* ECF No. 40 (HII attaching a copy of the transcript to its motion to compel to demonstrate that Saheed did not appear for the originally scheduled deposition); ECF No. 42 (order granting HII's motion, compelling Saheed to appear for a deposition, and extending the fact discovery deadline solely for the purpose of allowing HII to conduct Saheed's deposition). Based on the foregoing, the Court rejects Saheed's argument that the costs sought for the first deposition were self-

3

created by HII because the "deposition [] did not proceed and produced no usable transcript." ECF No. 81 at 2. Accordingly, the Court finds that the deposition transcript costs were necessary.

Regarding the court hearing transcripts, the Court finds that the transcripts themselves were necessary, but that HII has not shown that expedited service of the transcripts was necessary in this case. *See Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 562 (E.D. Va. 2010) ("Courts in the Fourth Circuit have held that costs for expedited production are allowable when the recovering party can show necessity for the expedited service."). Here, HII contends that it ordered the transcripts on an expedited basis because (1) it anticipated needing the first transcript in future filings if Saheed refused to appear again; and (2) HII ordered the second transcript immediately after the hearing, before Magistrate Judge Miller entered an order later that day. ECF No. 82 at 6. The Court does not find that HII has met its burden to show that expedited service was necessary, and therefore concludes that HII will be entitled to fees only at the standard 30-day rate, rather than the expedited rates HII requested.[1] Thus, HII's court transcript fees will be reduced to $250.80.

Further, the Court rejects the plaintiff's arguments that Fed. R. Civ. P. 54(d)(1)'s presumption in favor of awarding costs to the prevailing party has been overcome because of his inability to pay. The plaintiff argues that he has "consistently demonstrated financial hardship" and "has submitted sworn financial affidavits

---

[1] Federal Court Reporting Program, https://www.uscourts.gov/court-programs/federal-court-reporting-program#rates (rev. Oct. 1, 2024).

reflecting limited income and ongoing family obligations." ECF No. 81 at 2. The Fourth Circuit has been clear, however, that even when a losing party has "no independent income and owned no property," those observations "do not address whether [the party] was of such modest means that it would be unjust or inequitable to enforce [Fed. R. Civ. P.] 54(d)(1) against [them]." *Cherry*, 186 F.3d at 447. Further, the Fourth Circuit has held that even when a plaintiff is granted *in forma pauperis* status, exempting them from paying filing fees, "the *in forma pauperis* plaintiff nonetheless remains liable for paying the prevailing adversary's costs." *Id.*; *Flint v. Haynes*, 651 F.2d 970 (4th Cir. 1981) ("[W]hen costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed *in forma pauperis* have virtually nothing to lose and everything to gain, and the purpose of § 1915—equal access for the poor and the rich—is distorted.").

The plaintiff has offered no additional reasoning for why he cannot pay the modest costs requested in this case, aside from his conclusory assertion that he has limited income, family obligations, and has been previously granted fee waivers. ECF No. 81 at 2. Moreover, a review of his petition to proceed *in forma pauperis* indicates that his assets, although modest, are sufficient to pay the reasonable taxation imposed in this matter. *See* ECF No. 1. Further, the plaintiff has not provided any additional argument against enforcing the presumption to award costs to HII, aside from stating in conclusory fashion that taxing costs "would undermine access to justice and chill civil rights enforcement." ECF No. 81. The Court is also unpersuaded by the plaintiff's argument that this claim was pursued in good faith, as good faith is

5

a "virtual prerequisite to receiving relief from the normal operation of [Fed. R. Civ. P.] 54(d)(1)," but, "standing alone, [] an insufficient basis for refusing to assess costs against that party." *Cherry*, 186 F.3d at 446 (citation and quotation marks omitted).

Accordingly, the Court finds that the deposition and hearing transcripts were necessary, that the presumption of awarding necessary costs to the prevailing party has not been overcome, and that the fees (omitting fees for expedited service of transcripts) associated are properly taxable under 28 U.S.C. § 1920.

## IV. CONCLUSION

For these reasons, Defendant Huntington Ingalls Industries, Inc.'s bill of costs (ECF No. 77) is **GRANTED IN PART**.

The Court **ORDERS** that HII's costs of $2,353.10 shall be taxed against the plaintiff.

The Clerk's Office is **DIRECTED** to send a copy of this Opinion and Order to the plaintiff.

**IT IS SO ORDERED**.

/s/
Jamar K. Walker
United States District Judge

Newport News, Virginia
March 6, 2026

6